IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER HODGES,                    No. 2:15-CV-0179-CMK-P

        Plaintiff,

    vs.                                ORDER

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES, et al.,

        Defendants.

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint (Doc. 9).  Also before the court is plaintiff's motion for appointment of counsel (Doc. 10).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

Plaintiff names the following as defendants: (1) Lewis; (2) Fisher; (3) Cryer; (4) Majundar; (5) Cummings.[1] Plaintiff alleges that defendant Majundar conspired with Drs. Nielson, Maxwell, Parton, and Wertzberger to deny plaintiff mental health treatment. Plaintiff adds that defendant Cummings, Lewis, Fisher, and Cryer "blatantly disregarded the Plaintiff's need and right to mental health care treatment. . . ." The court finds that these allegations are entirely conclusory in that plaintiff has failed to specify any facts to show how the named defendants denied him mental health treatment or that his mental health condition constitutes a serious medical need.

///

///

---

[1] The original complaint named: (1) California Correctional Health Care Services; (2) Nielson; (3) Maxwell; (4) Krause; (5) Parton; and (6) Wertzberger. Plaintiff alleged:

> Between June 20th 2012 and June 5th 2014 I was housed within CDCR at High Desert State Prison in Susanville, California. During this time I was under the care of Dr. Nielson and the other named defendants. I was accused of lying about my condition for the purpose of "medication seeking." After my history was confirmed by Wertzberger I was continually denied treatment.

The original complaint was superceded and became inoperative upon the filing of the amended complaint.

Because it is possible that the deficiencies identified in this order may be cured by further amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Finally, plaintiff seeks the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id.

In the present case, the court does not at this time find the required exceptional circumstances. For the reasons discussed above, plaintiff has no chance of success on the merits of this action as currently pleaded in the amended complaint. Given this, and given the lack of complexity of the legal issues involved, the court cannot at this time say that exceptional circumstances exist.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for appointment of counsel (Doc. 10) is denied;

2. Plaintiff's amended complaint (Doc. 9) is dismissed with leave to amend; and

3. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

DATED: February 23, 2016

                                                                                                          
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE