IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER HODGES,                              No. 2:15-CV-0179-CMK-P

       Plaintiff,

    vs.                                                              ORDER

CALIFORNIA CORRECTIONAL
HEALTH CARE SERVICES, et al.,

       Defendants.

_____/

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

       On February 24, 2016, the court directed plaintiff to file an amended complaint within 30 days. On May 13, 2016, the court granted plaintiff's motion for an extension of time and extended that deadline to June 12, 2016. Plaintiff was warned that failure to file an amended complaint may result in dismissal of this action for lack of prosecution and failure to comply with court rules and orders. See Local Rule 110. As of June 29, 2016, plaintiff had not filed an amended complaint and the court directed plaintiff to show cause in writing within 30 days why

this action should not be dismissed for failure to comply with court rules and orders and lack of prosecution. To date, plaintiff has not filed an amended complaint or otherwise responded to the court's June 29, 2016, order to show cause.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor. See Malone, 833 F.2d at 132-33 & n.1. The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay. See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal has also been held to be an appropriate sanction for failure to comply with an order to file an amended complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Having considered the factors outlined above, and in light of plaintiff's failure to file an amended complaint, the court finds that dismissal is an appropriate sanctions

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for lack of prosecution and failure to comply with court rules and orders; and

2. The Clerk of the Court is directed to enter judgment and close this file.

DATED: October 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE